UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Pierce Division)

NICOLE PATSALIDES,                                    CASE NO: 2:15-cv-14431-DLG

    Plaintiff,

vs.

CITY OF FORT PIERCE,

    Defendant.
_____/

### UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER AND EXTENSION OF DISCOVERY DEADLINE FOR THE LIMITED PURPOSE OF HAVING COMPULSORY PSYCHIATRIC EVALUATION OF PLAINTIFF DONE BY DEFENDANT'S REBUTTAL EXPERT AND TO TAKE THE DEPOSITION OF DEFENDANT'S REBUTTAL EXPERT DR. DANZINGER

COMES NOW, Defendant CITY OF FOR PIERCE, by and through undersigned counsel, and pursuant Rule 16(b)(4) of the Federal Rules of Civil Procedure, and hereby files its Unopposed Motion to Modify Scheduling Order and Extension of Discovery Deadline for the Limited Purpose of Having Compulsory Psychiatric Evaluation of Plaintiff Done by Defendant's Rebuttal Expert and To Take the Deposition of Defendant's Rebuttal Expert, and as grounds therefore would state as follows:

1.    The Plaintiff, Nicole Patsalides filed suit December 16, 2016 [Doc. 1] alleging violations of sex discrimination and retaliation.  Generally, the Plaintiff's alleged claims arose during her employment with the City of Fort Pierce Police Department (*See gen.,* Plaintiff's Complaint [Doc. 1].)  The Plaintiff seeks declaratory judgment, reinstatement, back pay and compensatory damages. (*Id.*)

2.    This Court entered its Scheduling Order Setting Pretrial Conference and Trial Dates [Doc. 25] on April 18, 2016. The Order places this action in the trial term beginning

November 28, 2016, before the Honorable Donald L. Graham. (*Id.* at 1.) In addition, a deadline of September 16, 2016, to conduct discovery. (*Id.* at 19).

       3.      The parties have been diligently preparing this case for trial in accordance with the Court's Scheduling Order. The parties' efforts include:

           a.      Conferring on the pleadings in order to crystalize the issues without Court involvement;

           b.      Conferring in good-faith to resolve mandatory disclosure and discovery disputes;

           c.      Exchanging discovery in the form of Interrogatories and Requests for Production of Documents.

           d.      Scheduling the depositions of the Plaintiff and the primary decision-makers;

           e.      Reviewing voluminous exhibits and documents relative to Plaintiff's claims and Defendant's affirmative defenses;

           f.      Identifying additional fact witnesses, experts and medical providers relevant to Plaintiff's claims, Defendant's affirmative defenses and the relief sought by Plaintiff;

           g.      Disclosing and performing discovery relevant to the parties' disclosed experts.

       4.      The parties have made substantial progress in preparing this case for trial but, despite diligent efforts, have not been able to conduct all discovery necessary to prepare this case for trial and reasonably anticipate that the discovery as it specifically pertains to Defendant's Rebuttal Expert, Dr. Danzinger, cannot be completed in compliance with the Court's established deadline for discovery.

       5.      Plaintiff served the expert opinions of Louise F. Fitzgerald, Ph.D. who opined

2

regarding Plaintiff's condition and experiences at the Fort Pierce Police Department.

6. Defendant had not been able to complete the effort of reviewing the voluminous medical records and identifying and determining the experts needed to retain to rebut Plaintiff's factual allegations and medical providers, such that Defendant sought an extension of the expert rebuttal deadline, which was granted by this Court [Doc. 45], extending the expert rebuttal disclosure deadline until August 29, 2016.

7. Immediately, Defendant identified a rebuttal expert and began attempting to coordinate a CME of Plaintiff pursuant to Federal Rule of Civil Procedure 35. [Exhibit A, Electronic Communications between Plaintiff and Defendant].

8. Defendant has offered a total of 12 dates prior to the discovery cut-off; however, Plaintiff has been unable to make herself available on any of the offered dates. Additionally, while Plaintiff offered alternative dates, Dr. Danzinger was unavailable on Plaintiff's alternative dates. [Exhibit A, Electronic Communications between Plaintiff and Defendant].

9. Accordingly, the parties are still attempting to coordinate a date but have realized that, despite their continued diligent and good faith efforts to find an agreeable date, that there is no agreeable date prior to the discovery deadline upon which Plaintiff's CME can be conducted.

10. As explained more thoroughly in Defendant's Motion for Compulsory Psychiatric Evaluation [Doc. 49], Defendant will be greatly prejudiced should the CME not be allowed to go forward and Plaintiff has agreed that Defendant is entitled to a CME under Rule 35.

11. Moreover, Dr. Danzinger will provide an amended expert report within fifteen days after the CME is conducted and the parties have agreed that Plaintiff may depose Dr. Danzinger outside of the discovery period, after the CME is conducted and the amended expert report is provided. [Doc. 41; *See also* Exhibit A, Electronic Communications between Plaintiff and Defendant].

12. For these compelling reasons, the Defendant moves this Court to modify the Scheduling Order Setting Pretrial Conference and Trial Dates [Doc. 25] and seeks an extension of time for the sole purpose of Defendant's rebuttal expert, Dr. Danzinger, conducting a CME of Plaintiff, Dr. Danzinger submitting his amended expert report within five days from the date of the CME, and Plaintiff taking Dr. Danzinger's deposition.

## II.  Legal Argument and Citations of Authority

Pursuant to Rule 16(b)(4), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). *See also Sosa v. Airprint Sys., Inc.,* 133 F.3d 1417, 1418 (11th Cir. 1998) ("Such orders 'control the subsequent course of the action unless modified by a subsequent order,' Fed.R.Civ.P. 16(e), and may be modified only "upon a showing of good cause.") (citing to Fed. R. Civ. P. 16)).

Counsel for Defendant affirmatively asserts that its client's interest will be prejudiced if the relief sought herein is not granted. Moreover, Plaintiff has agreed to the relief sought such that no party will be prejudiced by the granting of this extension. Additionally, the need for the requested extension is solely premised on scheduling issues between the parties and the parties have been diligently working on finding an agreeable date and time for the CME, and are continuing to do so. For these reasons, Defendant requests that the Court grant the relief sought within the motion.

## III.  Conclusion

Based on the legal argument and authorities cited herein, the Defendant moves for a modification of this Court's Scheduling Order Setting Pretrial Conference and Trial Dates [Doc. 25], and requests to extend the discovery deadline for the sole purpose of Defendant's rebuttal expert conducting a CME of Plaintiff, Dr. Danzinger submitting his amended expert report within five days from the date of the CME, and Plaintiff taking Dr. Danzinger's deposition.

Local Rule 7.1(a)(3) Certification

In compliance with the certification requirement of Local Rule 7.1(a)(3), counsel for Defendant's counsel has conferred with opposing counsel in a good faith effort to resolve the issue presented in this motion. Opposing counsel does not object.

**WHEREFORE**, Defendant CITY OF FORT PIERCE respectfully requests that this Court enter an Order granting Unopposed Motion to Modify Scheduling Order and Extension of Discovery Deadline for the Limited Purpose of Having Compulsory Psychiatric Evaluation of Plaintiff Done by Defendant's Rebuttal Expert and To Take the Deposition of Defendant's Rebuttal Expert and for such other and further relief as the Court deems just and proper.

**I HEREBY CERTIFY** that on August 26, 2016, I electronically filed the foregoing with the clerk of the court by using the CM/ECF system which will send a notice of electronic filing to Karen Coolman Amlong, Esquire, William R. Amlong, Esquire, and Alison L. Churly-Davis, Esq., Amlong & Amlong, P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, FL 33301.

>  /s/Patricia M. Rego Chapman
>  DOUGLAS T. NOAH, ESQ.
>  Florida Bar No. 0863970
>  GAIL C. BRADFORD, ESQ.
>  Florida Bar No. 0295980
>  GLORIA A. CARR, ESQ.
>  Florida Bar No. 561169
>  PATRICIA M. REGO CHAPMAN, ESQ.
>  Florida Bar No. 085309
>  Dean, Ringers, Morgan & Lawton, P.A.
>  Post Office Box 2928
>  Orlando, Florida 32802-2928
>  Tel: 407-422-4310   Fax: 407-648-0233
>  DNoah@drml-law.com
>  GBradford@drml-law.com
>  GCarr@drml-law.com
>  PChapman@drml-law.com
>  Attorneys for Defendant

## Marissa Carlton

| | |
|---|---|
| **From:** | Alison Churly <achurly@theamlongfirm.com> |
| **Sent:** | Monday, August 29, 2016 4:32 PM |
| **To:** | Patti Chapman |
| **Cc:** | Antoinette Braga; Marissa Carlton; Dina Duchene |
| **Subject:** | RE: Patsalides, Nicole v. City of Fort Pierce  GC2016083242: Patsaliidles v. Fort Pierce - CME |


I expressed that the dates you proposed require Ms. Patsalides to take multiple days off of work because she works the night shift.  I offered alterative dates of September 30, October 14 or October 28, which would limit the days that she would be required to take off.  Additionally, we previously offered to make her available this week and next week, but you have indicated that the doctor is not available.  She still, however, has this availability.

We make no objection so long as we are permitted to depose Dr. Danzinger after the report is provided and we, of course, receive a copy of his report as required under the rules.  Can we make an agreement that the report be provided with 15 days of the examination?

Thanks,

Alison Churly-Davis, Attorney at Law

Phone:   (954) 462-1983

Email:    AChurly@theamlongfirm.com

Website: www.TheAmlongFirm.com



The Amlong Firm

500 Northeast Fourth Street, Fort Lauderdale, Fl 33301

Confidentiality Notice:  This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

**From:** Patti Chapman [mailto:PChapman@DRML-Law.com]
**Sent:** Monday, August 29, 2016 4:14 PM
**To:** 'Alison Churly'
**Cc:** Antoinette Braga; Marissa Carlton; Dina Duchene
**Subject:** RE: Patsaliidles v. Fort Pierce - CME



EXHIBIT A

1

Hey Alison,

This is to confirm our conversation wherein you represented that the Plaintiff does not oppose our Rule 35 CME as proposed or our Motion to extend discovery for the limited purpose of having the CME done and taking the deposition of our rebuttal expert, Dr. Danzinger. Additionally, you represented that your client is not available on our proposed dates and offered the following dates instead: September 30, October 14 or October 28.

Let me know if I misunderstood our conversation.

Thanks,
Patti

**Patricia M. Rego Chapman, Esq.**
**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
201 East Pine Street, Suite 1200 | Orlando, Florida 32801
Mailing: P.O. Box 2928 | Orlando, Florida 32802-2928
Office: 407-422-4310 | Fax: 407-648-0233
Email: PChapman@DRML-Law.com | Website: www.DRML-Law.com
Offices: Orlando | Tampa | Ft. Lauderdale | Jacksonville | Panhandle

---

**From:** Patti Chapman
**Sent:** Monday, August 29, 2016 2:20 PM
**To:** Alison Churly
**Cc:** Alison Churly
**Subject:** RE: Patsaliidles v. Fort Pierce - CME

Hey Alison,

I need your position on this. We need to file our Rule 35 Motion and our Motion for Extension and I would like to do that by today.

Let me know, thanks.

Thanks again,
Patti

**Patricia M. Rego Chapman, Esq.**
**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
201 East Pine Street, Suite 1200 | Orlando, Florida 32801
Mailing: P.O. Box 2928 | Orlando, Florida 32802-2928
Office: 407-422-4310 | Fax: 407-648-0233
Email: PChapman@DRML-Law.com | Website: www.DRML-Law.com
Offices: Orlando | Tampa | Ft. Lauderdale | Jacksonville | Panhandle

---

**From:** Patti Chapman
**Sent:** Friday, August 26, 2016 5:41 PM
**To:** Alison Churly
**Cc:** Alison Churly
**Subject:** Re: Patsaliidles v. Fort Pierce - CME

Hey Alison,

2

Do you know Plaintiff's position on this yet and if your client is available on those dates?

Thanks,
Patti

Sent from my iPhone

On Aug 26, 2016, at 2:59 PM, Antoinette Braga <Antoinette@DRML-Law.com> wrote:

> Ms. Churly-Davis,
>
> Dr. Danziger is unavailable 9/27, however 10/3 or 10/07 is available. Please advise.
>
> Thank you,
>
> **Antoinette Braga,**
> *Paralegal to Douglas T. Noah*
> **DEAN, RINGERS, MORGAN & LAWTON, P.A.**
> 201 East Pine Street, Suite 1200 | Orlando, Florida 32801
> Mailing: P.O. Box 2928 | Orlando, Florida 32802-2928
> Office: 407-422-4310 | Fax: 407-648-0233
> Email: Antoinette@DRML-Law.com | Website: www.DRML-Law.com
> Main Office: Orlando | Satellite Offices: Tampa | Ft. Lauderdale | Jacksonville | Panhandle | Miami

---

**From:** Patti Chapman
**Sent:** Friday, August 26, 2016 2:21 PM
**To:** 'Alison Churly'; Dina Duchene; wramlong@theamlongfirm.com; "Yasmin Harris"
**Cc:** Gail Bradford; Antoinette Braga; Marissa Carlton; Douglas T. Noah
**Subject:** RE: Patsaliidles v. Fort Pierce - CME

Hey Alison,

Ok – we are checking on the 27th now. Also, to clarify, Defendant is not simply "requesting this examination outside the discovery period," we have been trying to find a date within the discovery period for the past ten days, and have been unable to find any date that works with your client's schedule, despite having offered 12 dates within the discovery period. However, in any case, we will, of course, file the requisite Rule 35 Motion and Motion to Extend the Deadline. As for the extension, we have no issue with limiting it to Dr. Danzinger and will represent the same in the body of the Motion.

As for the scope – Alison, we are not asking for Dr. Danzinger to have "the luxury of deciding on the fly to perform 'additional tests.'" We are asking for Dr. Danzinger to have the ability to perform a complete mental examination of your client as it pertains to your client's claims in her lawsuit. Pursuant to Rule 35, I am to provide you the scope. The scope is a mental examination to be performed by Dr. Danzinger limited to the issues relevant to Defendant's alleged liability and Plaintiff's alleged damages. The psychiatric examination will last no more than four hours, and likely closer to three hours, and is expected to consist of roughly one hour of interview and two hours of testing, limited to what your client has placed at issue in this lawsuit. We have spoken to Dr. Danzinger and Dr. Danzinger has represented that he intends to perform the same tests as Dr. Fitzgerald, however, without ever having met your client or knowing anything about your client other than seeing her Complaint and Dr. Fitzgerald's report, he is, obviously, unable to say with certainty which tests may be applicable during

3

the examination and which may not. Moreover, Dr. Danzinger has relayed to us that, as a matter of good psychiatric practice, he does not disclose exactly what tests he administers prior to the examination as this would diminish the accuracy of the process and compromise the validity of the evaluation. Along those same lines, we will not agree to interrupting the examination in order to have Dr. Danzinger call me, to call you, to provide a response, each time he intends to administer a test during his psychiatric evaluation. I have researched this issue and find no authority that requires the defendant to provide an exact list of the tests to be performed. If you have any case law stating the same, I would appreciate you sending it my way and I will reconsider. Otherwise, I believe that the scope I have provided is sufficient.

Lastly, as I am sure you can understand, we do not agree to have our expert adopt and rely upon your expert's testing.

We will contact you shortly as to a date, and look forward to your response on whether you can agree to the examination as proposed. I am hopeful we can resolve this issue and avoid involving the Court in discovery disputes.

Thanks,

Patti

**Patricia M. Rego Chapman, Esq.**
**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
201 East Pine Street, Suite 1200 | Orlando, Florida 32801
Mailing: P.O. Box 2928 | Orlando, Florida 32802-2928
Office: 407-422-4310 | Fax: 407-648-0233
Email: PChapman@DRML-Law.com | Website: www.DRML-Law.com
Offices: Orlando | Tampa | Ft. Lauderdale | Jacksonville | Panhandle

---

**From:** Alison Churly [mailto:achurly@theamlongfirm.com]
**Sent:** Friday, August 26, 2016 12:28 PM
**To:** Dina Duchene; wramlong@theamlongfirm.com; "Yasmin Harris"
**Cc:** Patti Chapman; Gail Bradford
**Subject:** RE: Patsaliidles v. Fort Pierce - CME

Patti:

First, *Ms*. Patsalides does not get off work on Sept. 26 until 7 a.m. so she can't make an appointment at 11:45 a.m. She can do Sept. 27. However, because defendant is requesting this examination outside the discovery period, defendant will need to: **One**, make a Rule 35 motion; and **Two**, make a motion to extend the discovery cut off for the purposes of **only** completing the compulsory medical examination AND for plaintiff to complete the deposition of Dr. Danzinger after receiving his report. Plaintiff's agreement is specifically conditioned on no other deadlines being moved. Plaintiff's stipulations must be pleaded for in defendant's motion and not just stated in the conferral section as to avoid the necessity for additional motion practice.

Additionally, we object to Dr. Danzinger having the luxury of deciding on the fly to perform "additional tests." The way we believe this can be handled is as

4

follows: Should Dr. Danzinger wish to perform testing that Dr. Fitzgerald did not perform, the examination should be paused and Dr. Danzinger can communicate to you the additional testing he wishes to perform. You can then call me and we can determine within a short time frame whether we agree to the additional testing. I will make sure that I am available during the time frame to receive a call from you. Alternatively, Dr. Danzinger can inform now as to the entire scope of the examination.

Finally, in lieu of Ms. Patsalides completing the exact same testing again, Dr. Fitzgerald is willing to send her testing to Dr. Danzinger for his review/analysis. Please let me know if this works.

Please send me a copy of both motions prior to filing.

Thank you,

Alison Churly-Davis, Attorney at Law

Phone:    (954) 462-1983

Email:    AChurly@theamlongfirm.com

Website: www.TheAmlongFirm.com


<image001.gif>

500 Northeast Fourth Street, Fort Lauderdale, Fl 33301

Confidentiality Notice: This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

---

**From:** Dina Duchene [mailto:dina@DRML-Law.com]
**Sent:** Friday, August 26, 2016 10:31 AM
**To:** AChurly@TheAmlongFirm.com; wramlong@theamlongfirm.com; 'Yasmin Harris' (ypharris@theamlongfirm.com)
**Cc:** Patti Chapman; Gail Bradford
**Subject:** Patsaliidles v. Fort Pierce - CME

Alison,

Dr. Danziger can conduct this CME on Monday, September 26 at 11:45 a.m. in Orlando. We believe this will be the easiest for Ms. Patsalides, as she will not have to drive all the way to Fort Pierce and she will have the ability to drive down Sunday, should she choose to.

Please let us know as soon as possible if this date will work.

Thank you,
Dina

5

**From:** Patti Chapman
**Sent:** Thursday, August 25, 2016 2:54 PM
**To:** 'Alison Churly'
**Cc:** Antoinette Braga; kamlong@theamlongfirm.com; wramlong@theamlongfirm.com; "Yasmin Harris'; Douglas T. Noah; Dina Duchene; Marissa Carlton
**Subject:** RE: QUICK, Jesse v. Advanced Weather Proofing 05840547 9957999: 2105-00000 PATSALIDES, NICOLE vs. City of Fort Pierce (WRA/ALC): Patsalides, Nicole v. City of Fort Pierce GC2016083242:

Hey Alison,

Next week will not work for Dr. Danzinger as he is out of town for the upcoming Labor Day holiday. We are working on getting new proposed dates and will have them to you shortly.

As for which specific tests, Dr. Danzinger will perform the same tests as Dr. Fitzgerald, however, as relayed earlier, he may perform additional tests as he sees they may apply during the examination. That being said, the examination will not take longer than four hours, and Dr. Danzinger believes it will be closer to the three hours we had previously relayed.

Additionally, as discussed, our preference is to have the examination done in Orlando, which I think is also easier for your client as I am under the impression that she drives down from Georgia to attend events related to this litigation.

Please advise as to whether you can now agree to the CME.

Thanks,
Patti

**Patricia M. Rego Chapman, Esq.**
**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
201 East Pine Street, Suite 1200 | Orlando, Florida 32801
Mailing: P.O. Box 2928 | Orlando, Florida 32802-2928
Office: 407-422-4310 | Fax: 407-648-0233
Email: PChapman@DRML-Law.com | Website: www.DRML-Law.com
Offices: Orlando | Tampa | Ft. Lauderdale | Jacksonville | Panhandle

---

**From:** Alison Churly [mailto:achurly@theamlongfirm.com]
**Sent:** Thursday, August 25, 2016 9:56 AM
**To:** Patti Chapman
**Cc:** Antoinette Braga; kamlong@theamlongfirm.com; wramlong@theamlongfirm.com; "Yasmin Harris'; Douglas T. Noah; Dina Duchene; Marissa Carlton
**Subject:** RE: QUICK, Jesse v. Advanced Weather Proofing 05840547 9957999: 2105-00000 PATSALIDES, NICOLE vs. City of Fort Pierce (WRA/ALC): Patsalides, Nicole v. City of Fort Pierce GC2016083242:

We would like to know specifically what tests defendant seeks and the location. Maybe you can send over your Rule 35 motion for me to look at and that would assist?

6

Ms. Patsalides is not available during the dates that Ms. Braga sent out, but she does have availability next week. Please let me know if that works and the exact location.

I am available now until around 1:30 to discuss the confidentiality order. I have a deposition at 2:30. Let me know if you can talk this morning and I will give you a call.

Thanks,

Alison Churly-Davis, Attorney at Law

Phone:   (954) 462-1983

Email:   AChurly@theamlongfirm.com

Website: www.TheAmlongFirm.com


<image001.gif>

500 Northeast Fourth Street, Fort Lauderdale, Fl 33301

Confidentiality Notice: This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail. If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

---

**From:** Patti Chapman [mailto:PChapman@DRML-Law.com]
**Sent:** Thursday, August 25, 2016 8:12 AM
**To:** Alison Churly
**Cc:** Antoinette Braga; kamlong@theamlongfirm.com; wramlong@theamlongfirm.com; 'Yasmin Harris; Douglas T. Noah; Dina Duchene; Marissa Carlton
**Subject:** Re: QUICK, Jesse v. Advanced Weather Proofing 05840547 9957999: 2105-00000 PATSALIDES, NICOLE vs. City of Fort Pierce (WRA/ALC): Patsalides, Nicole v. City of Fort Pierce GC2016083242:

Alison,

It should take about three hours and will be comprised of testing and a personal interview. Please advise if this sufficiently answers your questions.

How does this afternoon sound to chat about the confidentiality order?

Please advise when you get a chance if your client can be a available September 12, 13 or 19, and if this afternoon works for you.

Thanks,
Patti

Sent from my iPhone

7

On Aug 24, 2016, at 8:16 PM, Alison Churly <achurly@theamlongfirm.com> wrote:

Can you let me know the scope?  Are you seeking testing?  Interview?  If so, for how long are you proposing?

When is good for you tomorrow to talk?

Thanks,

Alison Churly-Davis, Attorney at Law

Phone:    (954) 462-1983

Email:    AChurly@theamlongfirm.com

Website: www.TheAmlongFirm.com


<image001.gif>

500 Northeast Fourth Street, Fort Lauderdale, Fl 33301

Confidentiality Notice:  This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

**From:** Patti Chapman [mailto:PChapman@DRML-Law.com]
**Sent:** Wednesday, August 24, 2016 5:20 PM
**To:** Alison Churly
**Cc:** Antoinette Braga; kamlong@theamlongfirm.com; wramlong@theamlongfirm.com; 'Yasmin Harris; Douglas T. Noah; Dina Duchene; Marissa Carlton
**Subject:** Re: QUICK, Jesse v. Advanced Weather Proofing 05840547 9957999: 2105-00000 PATSALIDES, NICOLE vs. City of Fort Pierce (WRA/ALC): Patsalides, Nicole v. City of Fort Pierce GC2016083242:

Hey Alison,

The scope would be a psychiatric evaluation and it would be done by our rebuttal expert Dr. Danzinger.  Please advise when you get a chance.

Also - I will call tomorrow re the confidentiality order if that is alright with you.

Thanks,
Patti

Sent from my iPhone

On Aug 24, 2016, at 4:34 PM, Alison Churly <achurly@theamlongfirm.com> wrote:

8

What is the Rule 35 scope of the CME?

Alison Churly-Davis, Attorney at Law

Phone:    (954) 462-1983

Email:    AChurly@theamlongfirm.com

Website: www.TheAmlongFirm.com

<image001.gif>

500 Northeast Fourth Street, Fort Lauderdale, Fl 33301

Confidentiality Notice:  This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail.  If you are not the intended recipient, or the person responsible for delivering it to the intended recipient, please permanently delete it from your computer system and promptly notify me.

---

**From:** Antoinette Braga [mailto:Antoinette@DRML-Law.com]
**Sent:** Wednesday, August 24, 2016 4:26 PM
**To:** 'Alison Churly'; 'kamlong@theamlongfirm.com'; 'wramlong@theamlongfirm.com'; "Yasmin Harris'
**Cc:** Douglas T. Noah; Patti Chapman; Dina Duchene; Marissa Carlton
**Subject:** RE: QUICK, Jesse v. Advanced Weather Proofing 05840547 9957999: 2105-00000 PATSALIDES, NICOLE vs. City of Fort Pierce (WRA/ALC): Patsalides, Nicole v. City of Fort Pierce GC2016083242:

Hello,

I wanted to follow up regarding the CME. Can you please advise as soon as possible if Ms. Patsalides is available on September 12, 13 or 19?

Thanks,

**Antoinette Braga,**
*Paralegal to Douglas T. Noah*
**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
201 East Pine Street, Suite 1200 | Orlando, Florida 32801
Mailing: P.O. Box 2928 | Orlando, Florida 32802-2928
Office: 407-422-4310 | Fax: 407-648-0233
Email: Antoinette@DRML-Law.com | Website: www.DRML-Law.com
Main Office: Orlando | Satellite Offices: Tampa | Ft. Lauderdale | Jacksonville | Panhandle| Miami

**From:** Antoinette Braga
**Sent:** Wednesday, August 17, 2016 10:12 AM
**To:** 'Alison Churly'; kamlong@theamlongfirm.com; wramlong@theamlongfirm.com; "Yasmin Harris'
**Cc:** Douglas T. Noah; Patti Chapman; Dina Duchene; Marissa Carlton
**Subject:** RE: QUICK, Jesse v. Advanced Weather Proofing 05840547 9957999: 2105-00000 PATSALIDES, NICOLE vs. City of Fort Pierce (WRA/ALC): Patsalides, Nicole v. City of Fort Pierce GC2016083242:

Please advise as your clients availability for the first two weeks of September.

**Antoinette Braga,**
*Paralegal to Douglas T. Noah*
**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
201 East Pine Street, Suite 1200 | Orlando, Florida 32801
Mailing: P.O. Box 2928 | Orlando, Florida 32802-2928
Office: 407-422-4310 | Fax: 407-648-0233
Email: Antoinette@DRML-Law.com | Website: www.DRML-Law.com
Main Office: Orlando | Satellite Offices: Tampa | Ft. Lauderdale | Jacksonville | Panhandle | Miami


**From:** Alison Churly [mailto:achurly@theamlongfirm.com]
**Sent:** Tuesday, August 16, 2016 6:38 PM
**To:** Antoinette Braga; kamlong@theamlongfirm.com; wramlong@theamlongfirm.com; "Yasmin Harris'
**Cc:** Douglas T. Noah; Patti Chapman; Dina Duchene; Marissa Carlton
**Subject:** RE: 2105-00000 PATSALIDES, NICOLE vs. City of Fort Pierce (WRA/ALC): Patsalides, Nicole v. City of Fort Pierce GC2016083242:

She is not available.


Alison Churly-Davis, Attorney at Law

Phone:   (954) 462-1983

Email:   AChurly@theamlongfirm.com

Website: www.TheAmlongFirm.com


<image001.gif>

500 Northeast Fourth Street, Fort Lauderdale, Fl 33301

Confidentiality Notice:  This e-mail and/or any attachment to it contains, or may contain, privileged and confidential information intended only for the use of the individual(s) named in the e-mail.  If you are not the intended recipient, or the person responsible for delivering it to the

10

intended recipient, please permanently delete it from your computer system and promptly notify me.

---

**From:** Antoinette Braga [mailto:Antoinette@DRML-Law.com]
**Sent:** Tuesday, August 16, 2016 2:57 PM
**To:** 'kamlong@theamlongfirm.com'; 'wramlong@theamlongfirm.com'; 'AChurly@TheAmlongFirm.com'; "Yasmin Harris'
**Cc:** Douglas T. Noah; Patti Chapman; Dina Duchene; Marissa Carlton
**Subject:** **ATTORNEY-CLIENT PRIVILEGED COMMUNICATION**Patsalides, Nicole v. City of Fort Pierce GC2016083242:

Hello,

We would like Plaintiff to submit to a CME in Orlando as soon as possible. If she has any availability this week please advise.

Thank you,

**Antoinette Braga,**
*Paralegal to Douglas T. Noah*
**DEAN, RINGERS, MORGAN & LAWTON, P.A.**
201 East Pine Street, Suite 1200 | Orlando, Florida 32801
Mailing: P.O. Box 2928 | Orlando, Florida 32802-2928
Office: 407-422-4310 | Fax: 407-648-0233
Email: Antoinette@DRML-Law.com | Website: www.DRML-Law.com
Main Office: Orlando | Satellite Offices: Tampa | Ft. Lauderdale | Jacksonville | Panhandle | Miami

NOTE: The information contained in this message may be privileged and confidential and protected from disclosure. If the reader of this message is not the intended recipient, or an employee or agent responsible for delivering this message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message in error, please notify **Antoinette Braga** at Antoinette@DRML-Law.com immediately by replying to the message and deleting it from your computer. Thank you.