UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

Case No. 15-14431-CIV-GRAHAM/LYNCH

NICOLE PATSALIDES,

    Plaintiff,

vs.

CITY OF FORT PIERCE,

    Defendant.
_____/

**Confidentiality Order Regarding Plaintiff's Medical Records, Expert Medical Reports, and Tax Returns**

It is hereby ordered that the following provisions shall govern claims of confidentiality in these proceedings:

1. Review of the confidential documents and information by counsel and their staff, experts, or consultants for the litigants in the litigation shall not waive the confidentiality of the documents or objections to production.

2. The inadvertent, unintentional, or *in camera* disclosure of a confidential document and information shall not generally be deemed a waiver, in whole or in part, of any party's claims of confidentiality.

3. Only plaintiff's medical records, the parties' expert's medical reports and tax returns may be designated as confidential. However, the parties' expert's medical reports

1

and the information contained therein shall not be deemed "confidential" or subject to the provisions of this Order in the event that either party needs to address the expert's report or opinion by motion to the Court. Alternatively, the Plaintiff agrees to file a motion to allow the expert reports to be filed under seal for use and reference by either party. The Plaintiff agrees that her counsel will file the requisite motion for filing under seal within five (5) business days of being advised in writing that the expert report will need to be presented to the Court in support of any filing. Plaintiff's medical records, the parties' expert's medical reports, and tax returns will be designated after review by an attorney for the producing party by stamping the word "Confidential" on each page. Plaintiff's medical records, expert medical reports and tax returns shall be used to address claims raised by the Plaintiff in Case No. 15-14431-CIV-Graham/Lynch and defenses thereto and for no other purpose.

4. If any party believes a document not described in the above paragraph 3 should nevertheless be considered confidential, it may make application to the Court or special master. Such application shall only be granted for reasons shown and for extraordinary grounds.

5. Plaintiff's medical records, the parties' expert's medical reports, and tax returns shall be shown only to the attorneys of record and their support staff, plaintiff, the parties' experts, the insurance professionals or adjusters assigned to this matter under Florida Municipal Insurance Trust Agreement, and the following individuals identified as City employees: Nick Mimms (City Manager), James Messer (City Attorney), Iola Mosley (City Attorney), Sheritta Johnson (Risk Manager), Diane Hobley-Burney (Police Chief), Kevin Norris (Deputy Police Chief), and Frank Amandro (Deputy Police Chief).

6. The individuals listed in paragraph 5 will specifically be bound by the terms of this Order and must strictly comply with each and every provision. Should any of the City employees listed in paragraph 5 leave their current position, the confidentiality provisions of this Order shall carry with them. Should the individuals identified as City employees in these positions change, defendant shall notify plaintiff in writing within 30 days. During this 30 day period, the new position holder shall not be shown any of the records marked "confidential" or told of the "confidential" documents contents. Plaintiff will then have 10 days after written notification is served to assert a written objection to defendant's counsel, if she so desires. The parties shall comply

3

with their Local Rule 7.1 conferral obligation thereafter to discuss any disagreement. The parties may agree in writing to shorten the time periods outlined in this paragraph because of settlement discussions, pending mediation, or imminent trial proceedings. If plaintiff has no objection, the parties may stipulate in writing to this new individual's knowledge of the records without having to seek further Court intervention. Defendant reserves the right to move to modify this Confidentiality Order in the event that any of the individuals identified as City employees leaves their position.

7. Plaintiff's medical records, the parties' expert's medical reports, and tax returns shall be marked as "confidential." Each person who is permitted to see confidential documents shall first be shown a copy of this Order and shall further be advised of the obligation to honor the confidentiality designation.

8. Should plaintiff's medical records or the parties' expert's medical reports be marked as an exhibit in a deposition, the parties shall be governed by paragraph 10.

9. If a party believes that a document designated or sought to be designated confidential by the producing party does not warrant such designation, the party shall first make a good-faith effort to resolve such a dispute with opposing counsel. In

the event that such a dispute cannot be resolved by the parties, either party may apply to the Court or special master for a determination as to whether the designation is appropriate. The burden rests on the party seeking confidentiality to demonstrate that such designation is proper.

10. At the time of deposition or within 10 days after receipt of the deposition transcript by any party, a party may designate as confidential specific portions of the transcript which contain confidential matters under the standards set forth in paragraphs 3 and 6 above. This designation shall be in writing and served upon all counsel. Transcripts will be treated as confidential for this 10-day period. Any portions of a transcript designated confidential shall thereafter be treated as confidential in accordance with this Order. In filing materials with the Court in pretrial proceedings, counsel shall file under seal only those specific documents and that deposition testimony designated confidential, and only those specific portions of briefs, applications, and other filings that contain confidential data, or that set forth the substance of such confidential information.

11. In any application to the Court or special master referred to or permitted by this Order, the Court or special master may exercise discretion in determining whether the

prevailing party in such a dispute may recover the costs incurred by it in accordance with the law, and, if so, the amount to be awarded.

12. Upon termination of this matter, whether by motion, settlement, or trial, including all appeals therefrom, counsel shall destroy any hard copy originals and all copies of documents and information produced by the parties that is subject to this Order, including, but not limited to, all documents in the possession of those who have been provided access to the documents and information deemed confidential. The Plaintiff shall be permitted to keep documents and information deemed confidential. In the event documents or information are retained in electronic format, appropriate steps will be taken by all counsel, their support staff, and experts to delete the electronic copies of such documents or information in the party's possession. Within 90 days of this matter being closed, each party must certify, in writing, that the records subject to this Order have been destroyed, with the exception of those stored on back-up tapes or servers, which will be deleted pursuant to paragraph 10.

\* \* \*

This space is intentionally left blank

\* \* \*

13. The parties are permitted to allow their standard back-up tape or server process to continue for the deletion of records subject to this Order.

DONE AND ORDERED in Chambers at Miami, Florida, on this 2nd day of September, 2016.

DONALD L. GRAHAM
UNITED STATES DISTRICT JUDGE

cc: Counsel of Record