UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
Case No.  15-14431-CIV-GRAHAM/LYNCH

NICOLE PATSALIDES,

       Plaintiff,

vs.

CITY OF FORT PIERCE,

       Defendant.

_____/

## DEFENDANT CITY OF FORT PIERCE'S MOTION IN LIMINE

COMES NOW the Defendant, the City of Fort Pierce, by and through its undersigned counsel, and hereby files this Motion in Limine to preclude any reference by any party, counsel, or witness, regarding any of the subjects discussed herein.

### I.      INTRODUCTION AND RELEVANT HISTORY

Plaintiff alleges that she was discriminated against by Defendant based on her sex and that Defendant retaliated against her based on her engagement in protected activity. [Doc. 48]. This matter is set for trial beginning December 12, 2016.  Defendant anticipates that Plaintiff will introduce evidence or make reference to the subjects discussed herein.  Defendant submits that the evidence discussed herein is inadmissible pursuant to the Federal Rules of Evidence.

### II.     LEGAL ARGUMENT AND CITATION OF AUTHORITY

#### A. Standard of Review.

It is well established that this Court has broad authority to control the admission of evidence during trial. "Evidentiary rulings and the entry of a protective order are likewise subject to review for abuse of discretion." *Chrysler International Corp. v. Chemaly*, 280 F. 3d 1358,

1362-1363 (11th Cir. 2002). *See also* Fed. R. Evid. 104. Error is created when admission of evidence affects a substantial right of the party. Fed. R. Evid. 103(a).

The motion in limine is a preemptive tool "[to] aid the trial process by enabling the Court to rule in advance of trial on the relevance of certain forecasted evidence, as to issues that are definitely set for trial, without lengthy argument at, or interruption of, the trial." *Bowden v. Wal-Mart Stores, Inc.*, 2001 WL 617521, *1 (M.D. Ala. Feb. 20, 2001) (citations omitted). The decision whether to grant or deny a motion in limine is well within the discretion of the trial court. *Jones v. Automobile Ins. Co. of Hartford, Connecticut*, 917 F. 2d 1528, 1537 (11th Cir. 1990) (affirming trial court's decision that evidence is unduly prejudicial and inadmissible). Accordingly, Defendant moves to exclude evidence and any reference to the subjects discussed herein.

### B.  Applicable Federal Rules of Evidence

Rule 401 provides that relevant evidence "has any tendency to make a fact more or less probable than it would be without the evidence" and "is of consequence in determining the action."  Moreover, Rule 402 of the Federal Rules of Evidence provides in pertinent part that "[e]vidence which is irrelevant is not admissible." Fed. R. Civ. P. 402.

Moreover, pursuant to Federal Rule of Evidence 403, evidence is to be excluded if the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.

### C.  Mr. Pate's Disciplinary History

Plaintiff seeks to admit evidence pertaining to Mr. Pate's disciplinary history, including all allegations made against Mr. Pate, whether sustained or not; allegations of consensual sexual

activity with civilians; allegations of conduct unbecoming of an officer or other policy infractions that is not sexual harassment; and allegations of sexual harassment outside of the workplace. This evidence, however, is irrelevant in that it bears absolutely no connection to the Plaintiff's discrimination and retaliation in the workplace claims and, furthermore, any probative value it may have is certainly outweighed by the prejudicial effect. *See* Fed.R.Evid. 401, 402, 403.

### i.    Mr. Pate's Unsustained Allegations

Plaintiff intends to introduce evidence of allegations that were made about Pate which were investigated by Defendant and unfounded and/or unsustained. Specifically, Plaintiff intends to introduce evidence or make reference to two allegations of sexual harassment made against Pate allegedly occurring in 1999, an allegation in 2007, and another allegation made in 2012. [D.E. 75, ¶¶ 36-8; D.E. 75-1, p. 44-52, p. 60]. However, after being investigated by Defendant, these allegations of sexual harassment were unfounded. [D.E. 75, ¶¶ 36-8; D.E. 75-1, p. 44-52, p. 60]. In fact, the complainant in 2007 specifically denied that Pate ever made any "sexual overtures" to her, thus, there was no finding of sexual harassment. [D.E. 75-1, p. 31-2]. Additionally, in the "Eric Barlow Complaint" made in 2012, there was no sustained finding of sexual harassment, as one complainant denied any sexual harassment and the other refused to cooperate. [D.E. 75-1, p. 44-52, 60].

Evidence of unsustained allegations against Mr. Pate are wholly irrelevant in that they bear absolutely no connection to Plaintiff's discrimination and retaliation claims. This evidence simply does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action." This evidence lends nothing to the matter to be tried and is irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

Even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.  This type of evidence leads to the risk that Defendant be punished for completely unrelated events to the Plaintiff's claims. *Broaddus v. Florida Power Corp.*, 145 F. 3d 1283, 1286-1287 (11th Cir. 1998) (admission of irrelevant evidence prejudiced and interrupted jury deliberations). Nothing can come from this evidence other than confusing or misleading the jury.   There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

ii.     **Allegations of consensual sexual activity**

In 2012, the investigation of the "Eric Barlow Complaint" uncovered that Pate had engaged in conduct unbecoming of an officer when he engaged in consensual sexual contact with individuals outside of the workplace.   [D.E. 75-1, p. 44-52, 60].

Evidence of sustained findings against Mr. Pate of conduct unbecoming of an officer when he engaged in consensual sexual contact with individuals are wholly irrelevant in that they bear absolutely no connection to Plaintiff's discrimination and retaliation claims. This evidence simply does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action."   This evidence lends nothing to the matter to be tried and it irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

Even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the

Jury's time.  Fed.R.Evid. 403.  Again, this type of evidence leads to the risk that Defendant be punished for completely unrelated events to the Plaintiff's claims. *See Broaddus*, 145 F. 3d at 1286-1287. Nothing can come from this evidence other than confusing or misleading the jury. There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### iii.   Allegations of conduct unbecoming of an officer or other policy infractions that is not sexual harassment

Plaintiff intends to introduce evidence of allegations that were made about Pate that did not result in any sexual harassment findings by Defendant.  For instance, an incident occurring in 1997 was not a complaint of sexual harassment, much less a sustained finding of the same.  [D.E. 75, ¶ 35; 75-1, pp. 23-30, 60].  Moreover, in 2012, there were two investigations done of Pate which resulted in sustained findings that Pate engaged in conduct unbecoming of an officer, like when he set off his taser.  [D.E. 75, ¶ 39; 75-1, p. 60].   Additionally, Plaintiff intends to mention and/or introduce evidence that there were "55 investigations and 38 corrective actions" pertaining to Pate, however, again, this includes findings and corrective actions that have absolutely nothing to do with any sexual harassment in the workplace.

Evidence of sustained findings against Mr. Pate of conduct unbecoming of an officer and/or for other violations of policies is wholly irrelevant in that they bear absolutely no connection to Plaintiff's discrimination and retaliation claims. This evidence simply does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action."   This evidence lends nothing to the matter to be tried and it irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

Even if this Court should find some relevance in this evidence, it should be inadmissible, as

5

any probable value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.  Again, not only is this evidence likely to lead to confusion of the issues, but this type of evidence leads to the risk that Defendant be punished for completely unrelated events to the Plaintiff's claims. *See Broaddus*, 145 F. 3d at 1286-1287.  Nothing can come from this evidence other than confusing or misleading the jury.  There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### iv.    Allegations of sexual harassment outside of the workplace

There were two sustained findings of sexual harassment against Mr. Pate – once in 2012 involving a dispatcher who was not employed by Defendant and, again, in 2012, involving a hair dresser that was not employed by Defendant.  [D.E. 75, ¶ 39-42; 75-1, p.38-52, 60, 66].

Evidence of sustained findings against Mr. Pate of sexual harassment outside of the workplace is wholly irrelevant in that this evidence bear absolutely no connection to Plaintiff's hostile work environment and retaliation claims. This evidence simply does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action."   This evidence lends nothing to the matter to be tried and it irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

Even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.  Again, certainly this evidence will lead to confusion of the issues

and place the Defendant at risk to be punished for completely unrelated events to the Plaintiff's claims. *See Broaddus*, 145 F. 3d at 1286-1287.  Nothing can come from this evidence other than confusing or misleading the jury.  There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### D. Evidence of allegations of sexual harassment that arose during the investigation of Plaintiff's complaint about Mr. Pate

Plaintiff intends on eliciting evidence about additional sexual harassment complaints about Pate that arose during the investigation of Plaintiff's complaint from Cristine Giacone and Tiffany Bennet – two individuals who were never employees of Defendant.  However, the same are not relevant as, not only do they raise allegations occurring outside of the workplace, but they were allegations discovered only during the investigation of Plaintiff's complaint – that is, there is absolutely no record evidence that these allegations were ever known prior to Plaintiff's complaint about Mr. Pate.

Accordingly, this evidence is wholly irrelevant in that it bears absolutely no connection to Plaintiff's discrimination and retaliation claims. This evidence simply does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action."   This evidence lends nothing to the matter to be tried and it irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

Moreover, even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.  This evidence will lead to confusion of the issues and place the Defendant at risk to be punished for completely unrelated events to the Plaintiff's

claims. *See Broaddus*, 145 F. 3d at 1286-1287.  Nothing can come from this evidence other than confusing or misleading the jury.  There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

**E. Evidence about Mr. Pate being permitted to be placed on paid leave and being investigated by Defendant instead of immediately terminated**

Plaintiff intends to elicit testimony that Mr. Pate somehow received favorable treatment by Defendant by being placed on paid administrative leave by Defendant while the investigation of Plaintiff's complaint was ongoing instead of being immediately terminated.  However, this contention completely ignore the rights provided to law enforcement officers pursuant to the Law Enforcement Bill of Rights set forth in Florida Statutes, Chapter 112, Section 532-534. That is, it would have been illegal under Florida law to have immediately terminated Mr. Pate without performing an investigation or to place Mr. Pate on unpaid administrative leave based on Plaintiff's allegations.

Accordingly, in the first instance this evidence is inadmissible in that it bears absolutely no connection to Plaintiff's discrimination and retaliation claims. This evidence simply does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action."   This evidence lends nothing to the matter to be tried and it irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

However, even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is far outweighed by the danger of unfair prejudice, will absolutely lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.  Nothing can come from this evidence other than confusing or misleading the jury into thinking that Defendant favored Pate when all Defendant

did by investigating Mr. Pate and placing him on paid leave was abide by Florida law that requires the same.  There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### F.  Defendant retaliated against Plaintiff for taking FMLA leave

Plaintiff may elicit testimony that Plaintiff was retaliated against for taking FMLA leave. However, this is an entirely separate cause of action which has in no way been plead or established in this case.  Accordingly, this evidence is wholly irrelevant as it does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action." *See* Fed. R. Evid. 401, 402.  However, even if there is some relevance, any probative value is far outweighed by the danger of unfair prejudice, will absolutely lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.  Nothing can come from this evidence other than confusing or misleading the jury by placing before the jury entirely separate causes of action which were never pled by Plaintiff.  There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### G.  Commentary about presidential candidates and general reference to politics

Plaintiff may elicit or make commentary about the current presidential election and politics in general, as Plaintiff has recently made reference to the same in Plaintiff's correspondence with Defendant – commenting on the presidential election having allegedly stirred up outrage due to "Mr. Trump's misogynistic conduct" and quoting Michelle Obama. This commentary is wholly inappropriate, has absolutely no relevance to the issues to be tried in

this case, and is unduly prejudicial, and, further, it will absolutely lead to confusion of the issues and mislead the Jury, and will certainly waste the Court's and the Jury's time.  Fed.R.Evid. 401, 402, and 403.

### H.  Evidence about Mrs. Pate retaliating against Plaintiff

Plaintiff intends to introduce evidence that Mrs. Pate retaliated against Plaintiff. However, Mrs. Pate is not an employee of Defendant and, thus, any retaliatory action that Mrs. Pate may, or may not have, taken against Plaintiff is wholly irrelevant to Plaintiff's claims against Defendant.   This evidence does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action."  Thus, this evidence simply lends nothing to the matter to be tried. *See* Fed. R. Evid. 401.

Even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.  Nothing can come from this evidence other than confusing or misleading the jury.   There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### I.  Use of Mrs. Melissa Jacques as a "Me Too" Witness

Plaintiff intends to use Mrs. Jacques as a "me too" witness by presenting testimony that Mr. Pate harassed her.  However, Mrs. Jacques never complained about any alleged harassment to anyone at the Fort Pierce Police Department and never made any similar allegations to Plaintiff – that is, Mrs. Jacques has never alleged that she was sexually harassed based on her being a female and that she was retaliated against for engaging in a protected activity.

Here, the evidence Plaintiff seeks to admit – Mrs. Jacques allegations that Mr. Pate harassed her – is irrelevant in that it bears absolutely no connection to Plaintiff's claims. *See Chrysler*, 280 F. 3d at 1362-1363 (evidence inadmissible as different and unrelated to claims at issue).   Evidence regarding Mrs. Jacques' allegations does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action." That is, even taking Mrs. Jacques' allegations as true, this does not make it more or less probable that the Fort Pierce Police Department created a hostile work environment for Plaintiff. Moreover, certainly this evidence is in no way related to Plaintiff's retaliation claim as Mrs. Jacques never engaged in any protected activity.   This evidence simply lends nothing to the matter to be tried. *See* Fed. R. Evid. 401.

However, even if this evidence is relevant, it should be found inadmissible as any probative value is substantially outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and will needlessly waste the Court's and the Jury's time.   Even if Mrs. Jacques' were to testify that Mr. Pate harassed her, Mrs. Jacques never complained about the same to Defendant – accordingly, for Plaintiff to be able to delve into these allegations which were never reported to Defendant is incredibly prejudicial to Defendant and is bound to confuse the issues.   There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

## J.  Plaintiff's Diverticulitis

Plaintiff intends to introduce evidence that Plaintiff suffers from diverticulitis and that this medical condition was medically caused by Defendant's alleged actions.   However, this contention is inadmissible as there is no witness with the requisite personal knowledge,

competency, or basis that can, or will, testify to the same.  *See* Fed.R.Evid.§ 601, 602, 701.

In the instant case, Plaintiff did not disclose any of Plaintiff's medical treaters on Plaintiff's Rule 26 Disclosure as potential witnesses until September 14, 2016, a mere two days prior to the discovery cut off, at which point Defendant was certainly not in a position to take the depositions of all of Plaintiff's medical providers.[1]   Additionally, there were two medical providers - Coliseum Health Systems and Your Doctors Immediate Care - which were disclosed to Defendant for the very first time on September 14, 2016, two days prior to the discovery cutoff, thus preventing Defendant from obtaining the medical records and performing discovery of the same.   Moreover, with the exception of the medical records from the late disclosed Coliseum Health Systems and Your Doctors Immediate Care and those from Lawnwood Hospital, Plaintiff did not disclose any additional medical records until Plaintiff's proposed Exhibit List provided with the Joint Pre-Trial Statement on October 21, 2016, well after the discovery cut-off.

Accordingly, in the first instance, Plaintiff should be barred from calling these witnesses as they were late disclosed, and, additionally, Plaintiff should be barred from using these medical records as exhibits as, with the exception of the Lawnwood Hospital records, they were late disclosed, as they were either from two completely new treaters that were never disclosed until two days prior to the discovery cut off, or they were never specifically disclosed at all on any Rule 26 Disclosure. "Discovery must be completed in accordance with the court-ordered discovery cutoff date." S.D. Fla. Local R. 26.1(f).  Accordingly, Plaintiff should be prohibited

---

[1] Defendant had previously scheduled the depositions of the medical providers disclosed to Defendant in Plaintiff's interrogatory answers, however, after being told by Plaintiff's counsel that there was an objection to the depositions as Defendant would be exceeding the number of allowed depositions, Defendant reassessed the depositions and, seeing that Plaintiff was not intending on calling the medical providers to trial based on Plaintiff's Rule 26 Disclosures, Defendant cancelled the depositions of the disclosed medical providers.

from introducing any evidence at trial that was not produced prior to the discovery cutoff. *Jones v. Royal Caribbean Cruises, Ltd.*, 12-20322-CIV, 2013 WL 8695361, at *3 (S.D. Fla. 2013).

However, in any case, even should these medical providers not be stricken as witnesses, there is absolutely not one shred of evidence anywhere in any medical record that causally relates Plaintiff's diverticulitis to her employment with Defendant.   These medical providers were certainly never disclosed as experts, but, rather, are purely factual witnesses that can testify only as to what their treatment of Plaintiff was and/or is; accordingly, they cannot opine on the causation of Plaintiff's condition, about diverticulitis generally, or, otherwise, go beyond their actual treatment of Plaintiff.

Pursuant to Federal Rules of Evidence 601, 602, and 701, Plaintiff certainly does not have the requisite basis to provide this testimony.   Moreover, not only is there is no basis for Plaintiff to testify on this matter, there is no basis for Plaintiff to even elicit the same from any witness.   As there is no record evidence to support this testimony, there is no witness that can testify to this contention.   As such, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### K.  Inadmissible Testimony Based on Lack of Foundation

Pursuant to Federal Rule of Evidence 601, 602, and 701, a witness may only testify to matters if there is sufficient evidence introduced to support a finding that the witness is competent to testify on the matter, has actual personal knowledge of the matter, and/or if testifying about an opinion, that the opinion be a proper lay witness opinion. *See* Fed.R.Evid. 601, 602, and 701.

Throughout the litigation of this matter, a number of statements have been made which lack any sort of foundation.   The following, then, should be barred from being mentioned at

trial[2]:

      **i.**      **Testimony that Mr. Pate was on a "sexual conquest;" "hunting," etc., when he allegedly harassed Plaintiff**

Plaintiff seeks to admit evidence that Mr. Pate was on a "sexual conquest" due to being on a dosage of testosterone, and that he was "hunting" women and other similar testimony, when he harassed Plaintiff and that Defendant had been placed on notice of this by Pate.  However, in the first instance, there is certianly no basis for Plaintiff to testify on this matter as she simply does not have the personal knowledge upon which to make such a statement.  *See* Fed.R.Evid. 602.  Moreover, there is not any basis for Plaintiff to even elicit the same form any witness, as this statement is simply not true.    Accordingly, Plaintiff will not be able to set forth any document or individual with the requisite knowledge pursuant to Federal Rule of Evidence 602 in order to make such a statement.  On the contrary, the only record evidence on this topic is that of Chief Baldwin who provided in his Declaration that Pate's express ideation was a secondary effect of a medication used with respect to a disability and that, upon learning of Pate's ideation, Chief Baldwin placed Pate on medical leave, required that his medication be regulated to specifically avoid such ideation, and only permitted Pate to return to work after being released as fit for duty by his treating physician with a physician's note indicating that Pate was no longer having such ideations.  [D.E. 83-2].  Thus, this testimony should not be communicated or expressed by any attorney, party, or witness, in any fashion.

Moreover, as there is absolutely no witness that can establish that Mr. Pate was on a "sexual conquest" and suffering side effects from any medication at the time Mr. Pate allegedly harassed Plaintiff, these statements made by Pate are not relevant pursuant to Federal Rule of

---

[2] Defendant expects that there will be significantly more similar foundation objections made throughout trial – far too numerous for purposes of a Motion in Limine.  However, there are certain statements which Defendant suspects Plaintiff will make during Opening statement that Defendant wishes to put before this Court.

Evidence 401 and 402.  Evidence of statements made by Pate prior to the alleged harassment of Plaintiff by Pate and that have no record evidence connecting the same to Plaintiff's alleged harassment are wholly irrelevant in that they bear absolutely no connection to Plaintiff's discrimination and retaliation claims. This evidence simply does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action."   This evidence lends nothing to the matter to be tried and it irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

Moreover, even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time.  Fed.R.Evid. 403.  Certainly this evidence will lead to confusion of the issues and place the Defendant at risk to be punished for completely unrelated events to the Plaintiff's claims. *See Broaddus*, 145 F. 3d at 1286-1287.Nothing can come from this evidence other than confusing or misleading the jury.  There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### ii.      Testimony that Mr. Pate was permitted to retire in good standing

Plaintiff intends on eliciting testimony that Mr. Pate was allowed to retire in good standing in lieu of being terminated.  In the first instance, this contention is inadmissible as there is no witness with personal knowledge of this that can, or will, testify to the same.  *See* Fed.R.Evid. § 602.  Pursuant to Federal Rule of Evidence 602, Plaintiff simply does not have the personal knowledge upon which to make such a statement.  Not only is there is no basis for Plaintiff to testify on this matter, there is no basis for Plaintiff to even elicit the same from any witness.  In

the first instance, this statement is simply not true, and, thus, there is no witness that can testify to this statement or contention.

Additionally, even if there was a witness that had the requisite foundation to testify on this matter and would in fact testify to the same, this contention is not relevant in the instant case as it simply does not have any tendency to make a fact more or less probable, and certainly not a fact that is "of consequence in determining the action." This evidence lends nothing to the matter to be tried and it irrelevant and inadmissible. *See* Fed. R. Evid. 401, 402.

Moreover, even if this Court should find some relevance in this evidence, it should be inadmissible, as any probative value is certainly outweighed by the danger of unfair prejudice, will lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time. Fed.R.Evid. 403. Certainly this evidence will lead to confusion of the issues and place the Defendant at risk to be punished for completely unrelated events to the Plaintiff's claims. *See Broaddus*, 145 F. 3d at 1286-1287. There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### iii.    Testimony that a male officer was permitted to transfer over Plaintiff

Pursuant to Rule 602, a witness may only testify to matters about which the witness has personal knowledge. As a probationary officer, Plaintiff was in no way, at any point, privy to which officer was assigned to which shift and how and why shift changes were made; as such, there is absolutely no basis upon which Plaintiff can testify as to who was permitted to transfer and the reasons the transfers were permitted and instead, this statement can only be based on pure speculation. As such, this testimony should not be communicated or expressed by any

attorney, party, or witness, in any fashion.

> **iv.     Testimony that no male police officers were disciplined for similar infractions**

Plaintiff is not and was not privy to the disciplinary actions, counselings, or other actions taken against all other officers.  Accordingly, pursuant to Federal Rule of Evidence 602, Plaintiff simply does not have the personal knowledge upon which to make such a statement and, instead, this statement can only be based on pure speculation.  Moreover, not only is there is no basis for Plaintiff to testify on this matter, there is not any basis for Plaintiff to even elicit the same form any witness.  In the first instance, this statement is simply not true, and, in any case, Plaintiff will not be able to set forth any document or individual with the requisite knowledge pursuant to Federal Rule of Evidence 602 in order to make such a statement.  Thus, this testimony should not be communicated or expressed by any attorney, party, or witness, in any fashion.

> **v.     Testimony that Mr. Pate is a "notorious, hands-on sexual harasser during his 22 years  on the department"**

Plaintiff makes this contention, that Mr. Pate is a "notorious, hands-on sexual harasser during his 22 years on the department", in her operative Complaint [D.E. 48], however, there is absolutely no record evidence to support the same.  In the first instance, this contention is inadmissible as there is no witness with personal knowledge of this that can, or will, testify to the same.  See Fed.R.Evid. § 602.  Pursuant to Federal Rule of Evidence 602, Plaintiff simply does not have the personal knowledge upon which to make such a statement.  Not only is there is no basis for Plaintiff to testify on this matter, there is no basis for Plaintiff to even elicit the same from any witness, as this statement is simply not true, and, thus, there is no witness that can testify to this statement or contention.  Moreover, this characterization is inflammatory and inadmissible under Federal Rule of Evidence 403, as any probative value is far outweighed by

the danger of unfair prejudice, will absolutely lead to confusion of the issues and mislead the Jury, and/or will needlessly waste the Court's and the Jury's time. Fed.R.Evid. 403. There is simply no reason to admit this evidence and every reason to prohibit its admission. Therefore, any reference to this evidence should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### vi.   Testimony that Mr. Pate's "friends within the ranks" harassed Plaintiff

Plaintiff makes this contention, that Mr. Pate's "friends" harassed Plaintiff, in her operative Complaint [D.E. 48], however, there is absolutely no record evidence to support the same. Plaintiff was asked in her deposition about her knowledge of the social relationships between Pate and officers and she testified as follows: "I don't know Pate. I don't know who his friends are." [D.E. , p. 187, ll. 11-12]. Accordingly, pursuant to Federal Rule of Evidence 602, Plaintiff simply does not have the personal knowledge upon which to make such a statement and, instead, this statement can only be based on pure speculation. Moreover, not only is there is no basis for Plaintiff to testify on this matter, there is not any basis for Plaintiff to even elicit the same from any witness as this statement is simply not true. Thus, this testimony should not be communicated or expressed by any attorney, party, or witness, in any fashion.

### vii.   Testimony that the extension of Plaintiff's probationary period was retaliatory

Plaintiff makes this contention, that she was retaliated against by having her probationary period extended, in her operative Complaint [D.E. 48], however, there is absolutely no record evidence to support the same. Plaintiff was asked in her deposition about the extension of her probationary period and testified that she does not believe that Sgt. Grecco or Lt. Tedder made the recommendation to extend her probation to harass or retaliate against her. [Pl. depo. pp. 169:2-170:1-16]. Accordingly, pursuant to Federal Rules of Evidence 601, 602, and 701, there is

no witness that has the personal knowledge or requisite basis to present this testimony.  Certainly

Plaintiff cannot testify that the extension of her probationary period was retaliatory as she has

already testified that it was not.  There is no basis for Plaintiff to elicit this testimony from any

witness as this statement is simply not true. Thus, this testimony should not be communicated or

expressed by any attorney, party, or witness, in any fashion.

### Certificate of Conferral

I hereby certify that Defendant has attempted to confer with Plaintiff concerning the

relief requested herein but, as of the time of filing, Defendant has been unable to confer.

### Certificate of Service

**I HEREBY CERTIFY** that on November 2, 2016, I electronically filed the foregoing

with the Clerk of the Courts by using the CM/ECF system which will send a notice of electronic

filing to William R. Amlong, Esquire, and Alison L. Churly-Davis, Esq., Amlong & Amlong,

P.A., 500 Northeast Fourth Street, Second Floor, Fort Lauderdale, FL  33301.

*s/ Patricia M. Rego Chapman*
Douglas T. Noah, Esquire
Florida Bar No. 0863970
dnoah@drml-law.com
Gail C. Bradford, Esquire
Florida Bar. No. 0295980
gbradford@drml-law.com
Patricia M. Rego Chapman
Florida Bar No. 0085309
pchapman@drml-law.com
Dean, Ringers, Morgan & Lawton, P.A.
Post Office Box 2928
Orlando, Florida 32802-2928
Tel: 407-422-4310  Fax: 407-648-0233
Attorneys for Defendant