IN THE UNITED STATES COURT DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
(Fort Pierce Division)

NICOLE PATSALIDES,  Case No. 2:15-cv-14431-DLG

    Plaintiff,

vs.

CITY OF FORT PIERCE,

    Defendant.

_____/

**Plaintiff's Unopposed Motion to File Under Seal
Expert Reports Relevant to Plaintiff's Response
to Defendant's Motion for Attorneys' Fees**

Pursuant to S.D. Local Rule 5.4, Plaintiff, Nicole Patsalides, moves for entry of an order granting her leave to file under seal expert reports covered by the Confidentiality Order Regarding Plaintiff's Medical Records, Expert Medical Reports and Tax Returns [DE 54], which are relevant to plaintiff's response to defendant's motion for attorney's fees, and states as grounds:

    1.  On June 17, 2017, defendant filed a post-judgment motion for attorneys' fees alleging why it should be awarded attorneys' fees in this action. Plaintiff is preparing a response to the motion. As part of the response to the allegations raised in the motion, plaintiff relies on the expert reports served in this case, i.e., those of Louise F. Fitzgerald, Ph.D. (plaintiff's retained

psychologist) and Jeffrey Danziger, M.D. (defendant's retained psychiatrist).

2. The expert reports served by the parties are covered by the Confidentiality Order Regarding Plaintiff's Medical Records, Expert Medical Reports and Tax Returns entered September 2, 2016 [DE 54].

3. The sealing of the reports is necessary because they contain personal and private health information, including date of birth, including mental health information. Because of the highley sensitive nature of the information, the disclosure of that information to the general public by filing it in the public record would cause Ms. Patslides harm that is outweighed by the public's interest in gaining access to it, especially as it related to a post-judgment motion for attorneys' fees. Keeping this information confidential would not impair judicial functions and there is no less onerous alternative to filing under seal.

4. Plaintiff requests that the records be destroyed after it the case is closed.

5. A motion to file documents under seal can and should be granted when good cause exists. See Romero v. Drummond Co., 480 F.3d 1234, 1246 (11th Cir. 2007)(documents may be sealed when "[a] party's privacy or proprietary interest in information . . . overcomes the interest of the public in accessing the information"); Chicago Tribune Co. v. Bridgestone/Firestone, Inc., 263 F.3d 1304, 1315 (11th Cir. 2011) (remanding for determination

of whether good cause existed for a protective order and thus a determination that documents could remain sealed, explaining that "good cause . . . is a factual matter to be decided by the nature and character of the information in question").

6. In conducting the balancing of interests to determine whether good cause exists, courts consider factors such as "'whether allowing access would impair court functions or harm legitimate privacy interests, the degree of likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents.'" United States v. Steinger, 626 F. Supp. 2d 1231, 1234 (S.D. Fla. 2009) (quoting Romero, 480 F.3d at 1246.).

7. This motion is filed in good faith and not for the purpose of delay.

8. Local Rule 7.1 Conferral. Plaintiff has conferred with defendant via telephone regarding defendant's position on the relief sought in this motion, and defendant does not object ot it.

Wherefore, plaintiff moves for entry of an order granting this motion; granting leave to file the reports under seal; and granting plaintiff such other and further relief as this Court deems appropriate.

August 7, 2017

        Respectfully submitted,

        */s/ Jennifer Daley*
        WILLIAM R. AMLONG
        Florida Bar Number 470228
        WRAmlong@TheAmlongFirm.com
        KAREN COOLMAN AMLONG
        Florida Bar Number 275565
        KAmlong@TheAmlongFirm.com
        JENNIFER DALEY
        Florida Bar Number 856436
        JDaley@TheAmlongFirm.com

        AMLONG & AMLONG, P.A.
        500 N.E. Fourth St., Second Floor
        Fort Lauderdale, Florida 33301
        (954) 462-1983 (Telephone)
        (954) 523-3192 (Facsimile)
        ***Attorneys for the Plaintiff,***
           ***Nicole Patsalides***

### CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been electronically filed and served via ECF to counsel of record noted on the Service List.

        *s/ Jennifer Daley*
        JENNIFER DALEY

**Service List**

| | |
|---|---|
| WILLIAM R. AMLONG | DOUGLAS T. NOAH |
| Florida Bar No.: 470228 | Florida Bar No.: 0863970 |
| WRAmlong@TheAmlongFirm.com | DNoah@drml-law.com |
| KAREN COOLMAN AMLONG | GAIL BRADFORD |
| Florida Bar No.: 275565 | Florida Bar No.: 0295980 |
| KAmlong@TheAmlongFirm.com | GBradford@drml-law.com |
| JENNIFER DALEY | PATRICIA REGO-CHAPMAN |
| Florida Bar No.:856436 | Florida Bar No.: 085309 |
| JDaley@TheAmlongFirm.com | PChapman@drml-law.com |
| | |
| AMLONG & AMLONG, P.A. | DEAN, RINGERS, MORGAN, & |
| 500 Northeast Fourth St | LAWTON, P.A. |
| Second Floor | Post Office Box 2928 |
| Fort Lauderdale, FL 33301 | Orlando, Florida 32802-2928 |
| (954) 462-1983 | (407) 422-4310 |
| | |
| *Attorneys Plaintiff,* | *Attorneys for Defendant*, |
| *Nicole Patsalides* | *City of Fort Pierce* |